IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEVON EMILE MARSHALL,

    Defendant.

    /

No. CR 10-00881 WHA

**ORDER DENYING MOTION FOR RETURN OF PROPERTY**

## INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 41(g), *pro se* defendant moves for the return of a vehicle. For the reasons discussed below, the motion is **DENIED**.

## STATEMENT

In April 2011, defendant Jevon Emile Marshall pled guilty to conspiracy to commit robbery affecting interstate commerce, and possession of a firearm during and in relation to and in furtherance of a drug trafficking crime. In September 2011, he was sentenced to 96 months of custody, and judgment was entered thereafter.

Now proceeding *pro se*, defendant moves under Rule 41(g) for the return of a "1999 Oldsmobile - Vehicle Identification Number: 1G3GR62C3X4116391," or alternatively, for the vehicle's reported value of $3,500 (Br. 2). Defendant has provided no documentation to support the $3,500 amount.

According to the government, defendant had arrived in this vehicle to discuss a planned robbery with undercover officers in November 2010 (Quinn Decl. ¶ 2). After the officers saw defendant retrieve a gun from the vehicle's engine compartment, he was arrested. The vehicle was then taken to the San Francisco Police Department Auto-Return lot for investigation, and later auctioned off after the vehicle's investigatory hold was released. Specifically, Special Agent Justin Quinn declares that he spoke with Jasmine Marshall, whom he believed to be defendant's niece (*id.* ¶¶ 4, 5):

> [As to the vehicle,] [Jasmine Marshall] advised me that she did not want to pay the storage fees that had accumulated for the vehicle. I offered to assist her in trying to get the fees waived if she provided me with her SFPD point-of-contact concerning the vehicle. I received no further communication . . . . It is my understanding that the [vehicle] was auctioned off by the SFPD when no one came to claim it. I am in the process of trying to obtain records to confirm the auction.

Department of Motor Vehicle records confirm that the vehicle is now registered to a new owner (*see* Quinn Exh. 1).

An order dated January 28, 2014, asked the government to respond to defendant's motion (Dkt. No. 81). Having reviewed that response, as well as the underlying motion and all supplemental briefing (Dkt. No. 90), this order considers defendant's requests below.

**ANALYSIS**

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . ." It is undisputed here that the vehicle at issue is no longer in the government's possession.

Nonetheless, defendant contends that the government violated his due-process rights by failing to notify him about the vehicle's storage fees and later auction. He further contests Special Agent Quinn's declaration that family members, such as Jasmine Marshall, were contacted to retrieve the vehicle before its auction.

The problem with defendant's position, however, lies in *Ordonez v. United States of America*, 680 F.3d 113, 1139–40 (9th Cir. 2012). There, the government had seized defendant's personal property, some of which was returned, and some of which was later "presumed to be lost or destroyed" after the Federal Bureau of Investigation attempted (unsuccessfully) to return

2

certain items to defendant's wife. The defendant then filed a summary-judgment motion as to those items, which the district court construed as a request for equitable damages from the government. In connection with Rule 41(g), *Ordonez* held that the defendant's claim for money damages was barred by sovereign immunity (internal citations omitted):

> We cannot find an unequivocally expressed waiver of the government's sovereign immunity that extends unambiguously to money damages in the text of Rule 41(g). The Rule by its very terms provides only for the "return [of] the property to the movant," nothing more . . . . There is no alternative provision for money damages, and such a provision cannot be implied . . . . The plain language of Rule 41(g) is "clear and unambiguous" . . . and therefore our "judicial inquiry is at an end . . . ."

Our court of appeals explained that while "there are many valid reasons why one should in fairness be able to pursue a claim for money damages against the government when it wrongfully loses, destroys, or otherwise disposes of seized property . . . these equitable considerations — standing alone — cannot waive the government's immunity from suit." *Id.* at 1140. As a result, "the federal courts are without jurisdiction to award money damages against the government under Rule 41(g) until Congress tells us otherwise." *Ibid.* So too here.

Defendant makes no challenge to *Ordonez*, despite the opportunity to do so after the undersigned judge requested supplemental briefing on this issue and then extended defendant's deadline for such briefing (Dkt. Nos. 88, 91). He nevertheless writes — for the first time in his reply — that his "claim might well be read as one under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for intentional deprivation of property without due process of law" (Reply 4).

Given that this argument only appears in defendant's reply, and not in his Rule 41(g) motion, this order will not consider *Bivens* here. The instant motion to return the vehicle, or alternatively, to receive $3,500 for the vehicle's reported value, is accordingly **DENIED**.

## CONCLUSION

For the reasons discussed above, defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3